**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARK GIBBS**                                    **CIVIL ACTION**

**versus**                                        **NO. 12-3004**

**BURL CAIN**                                      **SECTION: "B" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For all of the following reasons, **IT IS RECOMMENDED** that the respondent's motion for summary judgment be **GRANTED** and that petitioner's federal application be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Mark Gibbs, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On April 22, 2009, he pleaded guilty to forcible rape under Louisiana law and was sentenced to a term of ten years imprisonment, with the first two years of that sentence to be served without benefit of probation, parole, or suspension of sentence.[1]

---

[1] Rec. Doc. 1-2, pp. 24-25.

Petitioner thereafter filed an administrative grievance with prison authorities challenging the manner in which his sentence was being executed.[2]  That grievance was denied,[3] as was petitioner's related administrative appeal.[4]  In accordance with state law, he then filed a petition for judicial review of that decision in the Louisiana Nineteenth Judicial District Court.[5]  Commissioner Rachel P. Morgan thereafter issued a Report recommending that the appeal be dismissed,[6] and Judge Timothy Kelley adopted that report and recommendation and dismissed the appeal with prejudice.[7]  On September 21, 2012, the Louisiana First Circuit Court of Appeal affirmed that judgment.[8]

On or about October 26, 2012, petitioner filed the instant application seeking federal *habeas corpus* relief.[9]  In support of his application, he claims that prison officials are executing his sentence in a manner which violates his right under state law to earn "good time" credit toward an early release.

---

[2] Rec. Doc. 1-2, pp.  6-7.

[3] Rec. Doc. 14-5, p. 7.

[4] Rec. Doc. 1-2, p. 8.

[5] Rec. Doc. 15 (Manual Attachment).

[6] Rec. Doc. 1-2, pp. 14-15.

[7] Rec. Doc. 1-2, p. 17.

[8]  Gibbs v. Louisiana Department of Public Safety and Corrections, No. 2011 CA 2376, 2012 WL 4335404 (La. App. 1st Cir. Sept. 21, 2012); Rec. Doc. 1-2, pp. 19-23.

[9] Rec. Doc. 1.  The application was filed in the United States District Court for the Middle District of Louisiana, but it was subsequently transferred to this Court.  Rec. Doc. 4.

As an initial matter, the Court notes that petitioner filed this petition as one seeking relief under 28 U.S.C. § 2254.  However, because he is challenging neither the legality of his underlying conviction nor his sentence as imposed by the trial court, he is not entitled to relief under § 2254.  Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).  Rather, in that he is instead challenging *the manner in which prison officials are executing his sentence*, "his petition for writ of habeas corpus is more properly construed as seeking relief pursuant to [28 U.S.C.] § 2241."  Id.

 The respondent has filed a motion for summary judgment, arguing that this case should be dismissed because petitioner failed to exhaust his remedies in the state courts.[10]  Petitioner has filed no opposition to that motion.

The United States Fifth Circuit Court of Appeals has held that, although there is no statutory exhaustion requirement, jurisprudence clearly imposes such a requirement on persons bringing claims under § 2241.  Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Stewart, 1995 WL 727244.[11]  In this case, petitioner sought relief from prison officials, the Louisiana Nineteenth Judicial District Court, and the Louisiana First Circuit Court of Appeal.  However, that is insufficient to constitute exhaustion.

---

[10]  Rec. Doc. 14.

[11]  Out of an abundance of caution, the Court notes that exhaustion is also required for petitions seeking relief under § 2254.  See 28 U.S.C. § 2254(b)(1)(A).

"[A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a fair opportunity to pass upon the claim ...." Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (internal quotation marks omitted) (emphasis added).  The respondent alleges that petitioner has filed no applications with the Louisiana Supreme Court raising his instant claims, a point not disputed by petitioner.  Moreover, this Court contacted the Clerk of Court of the Louisiana Supreme Court by telephone on March 28, 2013, and confirmed that petitioner has filed no writ applications whatsoever in that court raising these claims.

Because petitioner has never presented his claims to the state's highest court, the Louisiana Supreme Court, and thereby given that court a "fair opportunity" to pass upon the claims, his federal application should be dismissed for failure to exhaust his remedies in the state courts.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the respondent's unopposed motion for summary judgment be **GRANTED** and that the petition for federal *habeas corpus* relief filed by Mark Gibbs be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

      New Orleans, Louisiana, this second day of April, 2013.

                                                      **SALLY SHUSHAN**
                                                      **UNITED STATES MAGISTRATE JUDGE**

---

[12] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.