UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK GIBBS                                  CIVIL ACTION

VERSUS                                      NO. 12 - 3004

N. BURL CAIN, WARDEN OF LSP                 SECTION "B"(1)

## ORDER AND REASONS

Before the Court is Petitioner Mark Gibb's ("Petitioner") Objections (Rec. Doc. No. 17) to Magistrate Judge Shushan's Report and Recommendation (Rec. Doc. No. 16), recommending the dismissal of Petitioners *habeas corpus* petition under 28 U.S.C. § 2241. Accordingly, and for reasons articulated below,

**IT IS ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 16)be **AFFIRMED** and that Petitioner's application for federal *habeas corpus* review be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies[1].

## PROCEDURAL HISTORY

On April 22, 2009, Petitioner, Mark Gibbs, entered a guilty plea for violation of LSA-RS 14:42.1 (forcible rape) and was sentenced to a term of ten (10) years imprisonment, of which the first two years of that sentence were to be served without benefit of probation, parole, or suspension of sentence.(Rec. Doc. No. 1-2 at 24-25). Thereafter,  on September 9, 2010, the Petitioner filed an administrative grievance with prison authorities contesting the manner in which his sentence was being executed.(Rec. Doc. No. 1-2

---

[1]We are grateful for the work on the case by Carlos A. Benach a Loyola University New Orleans College of Law Extern with our chambers.

at 6-7.) That grievance was denied based on applicable state law and was affirmed after Petitioner's related administrative appeal.(Rec. Doc. No. 14-5 at 1-7).

In accordance with state law, Petitioner then timely filed a petition for judicial review of that administrative decision with the Louisiana Nineteenth Judicial District Court.(Rec. Doc. No. 1-1 at 2). In reaction to the Petitioner's appeal, Commissioner Rachel P. Morgan submitted a report recommending that the administrative decision was correct and that the appeal should be dismissed.(Rec. Doc. No. 1-2 at 14-15). Judge Timothy Kelley adopted the commissioner's report and dismissed the appeal with prejudice.(Rec. Doc. No. 1-2 at 17). On September 21, 2012, the Louisiana First Circuit of Appeal affirmed the district court's decision.(Rec. Doc. No. 1-2 at 19-23).

On October 26, 2012, Petitioner filed this federal *habeas corpus* petition in the United States District Court for the Middle District of Louisiana but was transferred to this Court.(Rec. Doc. No. 4). In support of his application, Petitioner claims that prison officials are executing his sentence in a manner which violates his right under state law to earn "good time" credit toward an early release.(Rec. Doc. No. 16 at 2). The respondent filed a motion for summary judgment stating that this case should be dismissed because the Petitioner failed to exhaust his remedies in state court. (Rec. Doc. No. 14-2 at 7). The Petitioner has filed

2

no opposition to the motion.

## <u>LAW AND ANALYSIS</u>

**A. Standard of Review**

Upon timely objection of a magistrate judge's findings and recommendation, the district court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636 (b) (1) (2009). A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. The Judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

**B. 28 U.S.C. § 2254 and § 2241**

Petitioner's writ for federal *habeas corpus* review under 28 U.S.C. § 2254 was filed with this court on October 12, 2012. 28 U.S.C. § 2254, as amended by the Antiterrorism and effective Death Penalty Act of 1996, governs this petition as it arises after the effective date of AEDPA. *Flanagan v. Johnson*, 154 F.2d 196, 198 (5th Cir. 1998)(*citing Lindh v. Murphy*, 521 U.S. 320 (1997)).

28 U.S.C. § 2254 governs challenges made to the legality of a conviction or validity of the initial sentence. *See Stewart v. Cain*, 1995 WL 727244 (5th Cir., Nov. 21, 1995). However, the petitioner does not challenge his initial sentencing nor the

validity of the sentencing, but rather the manner in which prison officials are executing his sentence. (Rec. Doc. No. 1-1 at 4-5). Most specifically, the petitioner alleges that he is entitled to good time served and that the Louisiana Department of Public Safety and Corrections ("DPSC") has exceeded its authority by denying the "good time" he served prior to sentencing. *Id.* Thus, the basis for the petitioner's claim for relief should not be under 28 U.S.C. § 2254, but rather under 28 U.S.C. § 2241 because of the challenge to the execution, and not the legality, of his sentence. *See Stewart,* 1995 WL 727244(*citing U.S. v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990)). The Magistrate Judge based her ruling on the Petitioner's failure to exhaust his state remedies as required by 28 U.S.C § 2241. (Rec. Doc. No. 16 at 3-4). Because the Petitioner failed to present his claim to the Louisiana Supreme Court, the Magistrate Judge correctly recommended that the application be denied. *Id.*

Though 28 U.S.C. § 2241 does not expressly have an exhaustion requirement, the applicable jurisprudence regarding the statute has imposed an exhaustion requirement. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). In *Dickerson*, the court reasoned that claims brought pursuant to § 2241 are subject to the exhaustion doctrine "in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id*. The

4

exhaustion requirement assigned to § 2241 is interpreted and executed in the same manner as 28 U.S.C. § 2254(b)(1). *See id.*

In drawing an analogy between § 2254 and § 2241, the Magistrate Judge correctly asserted that "a claim is not exhausted until the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim." *Mercandel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Here, there is no evidence supporting that the Petitioner has filed an application with the Louisiana Supreme Court. Moreover, this Court contacted the Clerk of Court of the Louisiana Supreme Court on March 28, 2013 to confirm that the Petitioner has not filed a writ asserting these claims. (Rec. Doc. No. 16 at 4).

The Petitioner, in his Objections to the Magistrate's Report and Recommendation (Rec. Doc. No. 17), asserts that he has exhausted his state remedies based on a Louisiana statute (LSA-RS 15:1177(A)(10)) and jurisprudence (*Blair v. Stadler,* 798 So.2d 132, 140 (La. 1st Cir. 2001). (Doc. Rec. No.17 at 3-4). First, LSA-RS 15:1177(A)(10) merely grants the "aggrieved party" the ability to appeal the Louisiana district court's decision to the appellate level, but does not state that the appellate level is deemed the "highest state court." Secondly, the Petitioner's assertion that *Blair v. Stadler* supports his contention that the appellate level is the "highest state court" is misconstrued. In *Blair*, the court discusses the appellate court's standard of review by drawing an

analogy based on the relationship between the administrative, district, and appellate court. 796 So.2d at 139. Thus, the Petitioner's contention that the Louisiana appellate court is the "highest state court," is unfounded.

New Orleans, Louisiana, this 10th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE